831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Madalyn KUNTZ and Mildred Shamhart, Plaintiffs-Appellants,
v.
HALL INVESTMENT CO. and Leo E. Hall, Defendants-Appellees.
 No. 86-3810
 United States Court of Appeals, Sixth Circuit.
 October 6, 1987.
 
 Before ENGEL and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiffs Kuntz and Shamhart appeal the district court's grant of summary judgment to defendants on plaintiff's federal securities law claims, and its concomitant dismissal of their pendent state law claims. The district court held that plaintiff Kuntz's deposition testimony conclusively showed that her husband alone made the decision to sell the stock and, therefore, that any injury which she may have suffered from the sale of their shares could not have resulted from plaintiff Kuntz's 'reliance' on the alleged misrepresentations or omissions.
 
 
 2
 On appeal, plaintiffs recognize that reliance and causation are essential elements to recovery under section 10(b), 15 U.S.C. Sec. 78j(b) (1982), and Rule 10b-5, 17 C.F.R. Sec. 240.10b-5 (1987), see Fridrich v. Bradford, 542 F.2d 307, 318-19 (6th Cir. 1976), cert. denied, 429 U.S. 1053 (1977); Chelsea Assocs. v. Rapanos, 527 F.2d 1266, 1271-72 (6th Cir. 1975), but argue that the lower court erred by not viewing the evidence before it, particularly plaintiff Kuntz's deposition testimony, in the light most favorable to the nonmoving party, as required when considering a motion for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir.), cert. denied, 469 U.S. 1062 (1984). This failure to apply the proper summary judgment standard, according to the plaintiffs, led the court to conclude erroneously that plaintiff Kuntz could not invoke the 'derivative' or 'two stage' theory of reliance, see Austin v. Loftsgaarden, 675 F.2d 168 (8th Cir. 1982); In re Ramada Inns Securities Litigation, 550 F. Supp. 1127 (D. Del. 1982), and that the defendants had rebutted the presumption of reliance on omissions of material fact, which was announced in Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 153-54 (1972), see Biechele v. Cedar Point, Inc., 747 F.2d 209, 214 (6th Cir. 1984); Chelsea Assocs., 527 F.2d at 1271-72.
 
 
 3
 After careful review of the record, briefs, and arguments of the parties, and giving special consideration to the deposition testimony of plaintiff Kuntz, we conclude that the district court did not misapply the summary judgment standard in holding that no genuine issue existed concerning reliance and causation. An issue is 'genuine' only 'if the evidence is such that a reasonable juror could return a verdict for the nonmoving party.' Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). Even viewing the evidence and all inferences therefrom in plaintiff Kuntz's favor, see Adickes, 398 U.S. at 157, a reasonable juror could only conclude, as did the district court, that Mr. Kuntz alone decided to sell the stock. We thus agree with the district court's statement that 'there is no evidence that Mr. Kuntz ever presented any information to plaintiff relating to the stock, nor is there any evidence of reliance by plaintiff or any independent decision-making on her part.' Under these circumstances, summary judgment against plaintiff Kuntz was appropriate.
 
 
 4
 It is equally clear, however, that entry of summary judgment against plaintiff Shamhart was improper. Defendants' motion for summary judgment sought dismissal only of Kuntz's claims and was based only on Kuntz's deposition. Defendants consequently admit that plaintiff Shamhart's case should be reinstated.
 
 
 5
 For the foregoing reasons, the district court's grant of summary judgment against plaintiff Kuntz is AFFIRMED. The court's dismissal of plaintiff Shamhart's claims is VACATED and the case is REMANDED for further proceedings.